Honorable Clinton Kersey Executive Director Texas Commission on Alcoholism 201 East 14th Street Austin, Texas 78701
Re: Authority of the Texas Commission on Alcoholism under H.B. 321 and S.B. 620.
Dear Mr. Kersey:
You have requested our opinion regarding the authority of the Texas Commission on Alcoholism under two bills enacted by the 65th Legislature.
House Bill 321, Acts 1977, 65th Leg., ch. 553, at 1383, codified as article 5561cc, V.T.C.S., establishes a procedure by which the Commission is to license health care facilities which treat alcoholics. The statute took effect September 1, 1977, except for section 2, which will take effect on September 1, 1978. Section 2 provides:
 A person who operates a health care facility that treats alcoholics may obtain a license issued under this Act.
You ask what powers the Commission may exercise under this statute prior to September 1, 1978.
Section 3(1) of article 5561cc requires an applicant for a license to `file a written application on a form prescribed by the commission together with a license fee of $25.' Section 6 authorizes the Commission to make an inspection of any facility seeking a license. Section 7(a) empowers the Commission to `adopt rules, regulations, and standards' with regard to licensed treatment facilities and those seeking a license, and section 9(a) permits the Commission to seek an injunction against any `person who falsely represents a health care facility as licensed.' In our opinion, the Commission may act under each of these provisions of article 5561c prior to September 1, 1978. It may receive applications for licensing, inspect facilities, adopt rules, regulations and standards, and petition for injunctive relief. The only authority which the Commission may not exercise prior to September 1, 1978, is the actual issuance of licenses to applicants. The statute clearly contemplates, however, that it may do all things preliminary to the issuance of a license prior to that date.
Senate Bill 620, Acts 1977, 65th Leg., ch. 440, at 1160, amended section 12 of article 5561c, V.T.C.S. Prior to the enactment of Senate Bill 620, section 12 authorized judges in certain instances to remand a person `to the Commission or its authorized representative for care and treatment for a period not to exceed ninety (90) days.' The amendment permits a judge to remand a person `to the Commission, its authorized representative, or a treatment facility approved by the Commission for alcoholic detoxification or treatment purposes.' (Emphasis added). You ask whether this additional language empowers the Commission to grant applications for approval prior to September 1, 1978, the date on which licenses may first be issued.
As noted above, we believe that the Commission is presently authorized to adopt rules and set standards under section 7 of article 5561cc, and to accept applications for licensing under section 3 thereof. In our opinion, the Commission may, during the period prior to September 1, 1978, treat license applications as applications for approval under section 12 of article 5561c. Section 7 of article 5561cc establishes sufficient standards to quide the Commission in its consideration of treatment facilities. Furthermore, the language added to section 12 by Senate Bill 620 probably does not enlarge upon the authority of the Commission, since, even under prior law, a court could commit a person to the Commission's `authorized representative.' Accordingly, it is our opinion that Senate Bill 620, by amending section 12 of article 5561c, empowers the Commission to grant applications for approval as alcoholic detoxification or treatment facilities prior to September 1, 1978.
 SUMMARY
Under House Bill 621, Acts 1977, 65th Leg., ch. 553, at 1383, codified as article 5561cc, V.T.C.S., the Texas Commission on Alcoholism may receive applications for licensing, inspect facilities, adopt rules, regulations and standards, and petition for injunctive relief prior to September 1, 1978. Under Senate Bill 620, Acts 1977, 65th Leg., ch. 440, at 1160, which amends section 12 of article 5561c, V.T.C.S., the Commission may grant applications for approval as alcoholic detoxification or treatment facilities prior to September 1, 1978, although licenses may not be issued until that date.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee